# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

v.

JUSTIN J. CARTER-SMITH,

                Defendant.

Case No. 14-CR-221-JPS

**ORDER**

The Court entered judgment against Defendant on September 1, 2015, imposing a five-year term of imprisonment to be followed by three years of supervised release. (Docket #33). He declined to file an appeal. (Docket #35). Two-and-a-half years later, Defendant filed a motion to correct a "clerical error" in his judgment. (Docket #39). Defendant claims that the Court should have ordered that his sentence operate concurrently with any sentence he was also made to serve by the State of Wisconsin. *Id.* Defendant bases this contention on a provision of his plea agreement which provides that "the government agrees to recommend a sentence no greater than 8 years and further agrees to recommend that the sentence run concurrently with any sentence the defendant is serving with the State of Wisconsin." (Docket #12 at 7).

Federal Rule of Criminal Procedure 36 states that a court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Though the cited provision does indeed appear in Defendant's plea agreement, the issue of a concurrent sentence was not raised in Defendant's sentencing hearing. *See* (Docket #32). Thus, Defendant's assertion is not of

an "oversight or omission" by the court, but by the government and/or his own counsel. Indeed, Defendant's plea agreement acknowledges that the Court was not bound by anything agreed-to therein. (Docket #12 at 7). The Court was not required to raise the issue on Defendant's behalf.

Defendant's assertion is not of a "clerical" error to be corrected by Rule 36. *See United States v. Cubie*, 699 F. App'x 567, 569 (7th Cir. 2017) (Rule 36 correction is only appropriate to correct "a gaffe in transcribing or putting a judicial decision on the docket," such as a difference between the orally announced sentence and the sentence in the written judgment) (quotation omitted); *United States v. Medina-Mora*, 796 F.3d 698, 700 (7th Cir. 2015) (upholding Rule 36 challenge where the district court said that the defendant's sentence should be concurrent at the sentencing hearing, but failed to so state in the written judgment); *see also United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987) ("[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, . . . mechanical in nature."). His motion must, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Defendant's motion to correct a clerical error (Docket #39) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 1st day of March, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge